[No. 7609–1–III.   Division Three.   February 12, 1987.]

*In the Matter of the Marriage of* LORETTA PIPPINS,
*Respondent, and* JIMMY PIPPINS,
*Appellant.*

806

*Steven C. Lacy* and *Lacy, Kane & Richardson,* for appellant.

*Larry W. Larson* and *Ries & Kenison,* for respondent.

GREEN, J.—Mr. Pippins appeals from an order modifying a custody decree to award child support. The dispositive issue is whether a prior agreed order terminated Mr. Pippins' parental rights and, accordingly, his obligation to pay child support. We affirm.

Mr. and Mrs. Pippins' marriage was dissolved in 1971. Mrs. Pippins was awarded custody of the parties' two minor children. Mr. Pippins was granted visitation rights and ordered to pay child support in the amount of $50 per month per child. Six years later, the parties agreed to terminate Mr. Pippins' parental rights and eliminate Mr. Pippins' obligation to pay further child support. To effectuate the parties' agreement and without appointing a guardian

ad litem to protect the children's interest, an agreed order was entered in August 1977 (1) awarding exclusive custody of the children to Mrs. Pippins with no right of visitation by Mr. Pippins; (2) waiving Mr. Pippins' right to contest any adoption proceedings or receive notice of any other action affecting the parties' children; and (3) relieving Mr. Pippins of his obligation to pay further child support.

In April 1985 Mrs. Pippins petitioned to modify the agreed order to require Mr. Pippins to pay child support based on the increased ages and needs of the children. Following the hearing on the petition, the court found the 1977 agreed order ineffective and, since there was a substantial change in circumstances, the court awarded Mrs. Pippins child support in the amount of $100 per month per child. Mr. Pippins appeals.

First, Mr. Pippins contends the court erred in refusing to enforce the 1977 agreed order. He argues the order terminated his parental rights, and being final, is not subject to collateral attack. We disagree.

A reviewing court must construe a judgment so as to give effect to the intention of the court, not the intention of the parties. *United States v. 60.22 Acres of Land,* 638 F.2d 1176 (9th Cir. 1980), *cert. denied sub nom. Dickey Farms, Inc. v. United States,* 451 U.S. 985, 68 L. Ed. 2d 842, 101 S. Ct. 2318 (1981). Although the parties may have intended to deprive Mr. Pippins of his parental rights, the order did not effect that intention. The order only deprived Mr. Pippins of his visitation rights and his right to dispute future adoption proceedings or receive notice of other actions affecting the children. In these circumstances, the trial court correctly determined the agreed order did not terminate Mr. Pippins' parental rights or responsibilities. Even if the order had so provided, the order would have been invalid because a guardian ad litem was not appointed to protect the children's right to child support. *See In re Luscier,* 84 Wn.2d 135, 139 n.1, 524 P.2d 906 (1974); *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973); *In re Lybbert,* 75 Wn.2d 671, 453 P.2d 650 (1969).

Second, Mr. Pippins also contends the agreed order which terminated his obligation to pay prospective child support was never appealed, is final and not subject to modification. Being final, he argues, the order is not subject to collateral attack. We find no merit in this argument for the following reasons.

■ Custody, support and visitation are always subject to future modification upon showing a substantial change of circumstances. RCW 26.09.170 (enacted by Laws of 1973, 1st Ex. Sess., ch. 157, § 17). It has long been recognized that parents cannot agree to prospectively terminate either parent's obligation to support their children. *State ex rel. Lucas v. Superior Court,* 193 Wash. 74, 74 P.2d 888 (1937); *In re Marriage of Watkins,* 42 Wn. App. 371, 710 P.2d 819 (1985), *review denied,* 105 Wn.2d 1010 (1986). Child support belongs to the children, not the custodial parent; the custodial parent only receives the support as a trustee for the children and, hence, has no authority to waive the children's rights to that support. *Ditmar v. Ditmar,* 48 Wn.2d 373, 293 P.2d 759 (1956). When the interests of a child and parent conflict, as here, the court will appoint a guardian ad litem to protect the interests of the child. RCW 26.09-.110 (enacted by Laws of 1973, 1st Ex. Sess., ch. 157, § 11); *see In re Luscier,* at 139 n.1. Here, the court did not do so. Nor can a parent rid himself of the responsibility to support his child by relinquishing visitation privileges. *Gaidos v. Gaidos,* 48 Wn.2d 276, 293 P.2d 388 (1956); *Powers v. Department of Social & Health Servs.,* 32 Wn. App. 310, 648 P.2d 439 (1982). Consequently, agreements which purport to terminate future child support are invalid and they contravene public policy. Such agreements do not affect a subsequent request for child support. *In re Marriage of Watkins, supra.* Neither the court nor the parties had the authority to enter an order permanently terminating Mr. Pippins' obligation to pay prospective child support. We conclude the court did not err in granting the modification.

■ Finally, Mr. Pippins contends the court erred when it refused to rule that laches precluded a collateral attack

on the order terminating his rights in 1977. There is no error. Laches or equitable estoppel may be utilized as a defense to an action by the custodial parent only if it can be done without harm to the child. *Hartman v. Smith,* 100 Wn.2d 766, 768–69, 674 P.2d 176 (1984). While laches has been allowed as a defense to an action for past due support, it has not been applied to bar prospective support; to do so would contravene public policy. *Hartman v. Smith, supra.* Here, Mrs. Pippins sought a modification with regard to *future* support—not past support. The defense is not applicable to such an action. Additionally, application of laches to such an action would most certainly harm the children. Furthermore, Mr. Pippins could not rely on an agreement that contravenes public policy.

Each party shall pay his own attorney fees and costs. Affirmed.

McINTURFF, C.J., and THOMPSON, J., concur.