[No. 16357-4-I.   Division One.   May 28, 1987.]

MARK S. HOLADAY, *Appellant,* v. VIRGINIA M. MERCERI, *Respondent.*

---

*Christopher J. Fox,* for appellant.

*Mark T. Patterson,* for respondent.

WEBSTER, J.—Appellant Mark S. Holaday moved for modification of a decree of dissolution against respondent Virginia M. Merceri. Following a bench trial, Merceri prevailed. Holaday's motion for reconsideration was denied, and he appeals. He claims that the trial court erred by allowing Merceri to avoid her child support responsibilities. We affirm.

## FACTS

On May 6, 1980, Mark S. Holaday (husband) and his wife, Virginia M. Holaday (wife),[1] filed a petition for dissolution of their marriage. Incorporated into the petition was a separation agreement providing for division of their

---

[1]Subsequent to the granting of the decree of dissolution, Virginia M. Holaday remarried. She is now Virginia M. Merceri.

property. At the time she entered into the separation agreement, the wife was not represented by an attorney, nor does she remember being advised of her right to have one. The husband claims, however, that his attorney advised her of the right to have an attorney. The wife did not appear at the dissolution proceedings; the decree of dissolution was granted by default judgment.

The decree of dissolution provided for joint custody of the two children with residential care of the children in the husband. A clause in the separation agreement provided that the husband was responsible for the children's support. However, the clause stated that a permanent change in residential care of the children may necessitate modification of their support. The wife was not required to contribute to the children's support.

The separation agreement also stated that the parties had attempted a division of property that was "substantially equal." The husband was awarded the family residence, which was worth $69,000, subject to a mortgage of $30,000; a 1975 Ford automobile; and more than one–half of the family furnishings. The wife was awarded a second mortgage on the family residence in the amount of $8,854 together with interest on the unpaid balance at 8 percent per year payable in 7 years, a 1965 Buick automobile, and less than one–half of the family furnishings.

At the time the 1980 divorce was finalized, the parties' two children were 1 and 3 years of age. The husband worked full time as a union sprinkler fitter earning about $18 per hour. According to unchallenged findings of fact, in 1980 the husband earned a gross income of $30,600, and the wife earned $585 per month working in a bowling alley. She lived with her father.

On June 11, 1984, the husband filed a petition for modification of the decree of dissolution in which he requested monthly child support and health insurance coverage for the children from the wife. At the time of the modification trial, the husband had remarried. He was still working as a sprinkler fitter, but his employment was more sporadic

than it had been in the past. According to unchallenged findings of fact, he earned approximately $21 per hour, and his gross income in 1984 was $30,336. He had two stepchildren, ages 8 and 9. His new wife was currently unemployed because she had undergone surgery on her wrist. His own sons had required medical attention for asthma and broken bones, and the youngest son had undergone an operation to have tubes put into his ears. Although the husband's union provided 80 percent medical coverage, the husband spent $1,000 in 1984 on medical bills for his children. In addition, he spent more for food and clothing as his boys grew older. The monthly food bill was approximately $800.

The wife had also remarried. She earned a monthly gross income of $1,126 working as a bookkeeper. Her new husband was unemployed, but when he was working, he earned a monthly gross income of $2,000 as a truck mechanic. The wife had one stepchild, 18 years old, who lived with her and her husband, but did not contribute to family expenses.

Following a bench trial, the petition for modification was dismissed. The husband then moved for reconsideration. His motion was denied, and this timely appeal followed. He claims the the trial court erred (1) by interpreting the separation agreement to impose the entire child support obligation on the husband; (2) by finding that the division of property was disparate against the wife; and (3) by finding no change of circumstances justifying child support against the wife.

## STANDARD OF REVIEW

Motions for reconsideration are addressed to the sound discretion of the trial court and will not be reversed absent a clear or manifest abuse of that discretion. *State v. Scott,* 92 Wn.2d 209, 212, 595 P.2d 549 (1979). An abuse of discretion exists only if no reasonable person would have taken the view adopted by the trial court. *State v. Henderson,* 26 Wn. App. 187, 190, 611 P.2d 1365, *review denied,* 94 Wn.2d 1008 (1980).

## SEPARATION AGREEMENT

The husband first claims that the trial court erred by allowing the wife to use the separation agreement to avoid her child support responsibility. He challenges the court's interpretation of paragraph 2(F) of the separation agreement, which states:

So long as Husband shall have the residential care of the children, he shall be responsible for their support. Should a permanent change of residential care occur, the provisions for child support herein may be modified to reflect the change of circumstances.

He asserts that because the paragraph does not contain the modifier "solely" (*i.e.*, "So long as Husband shall have the residential care of the children, he shall be [solely] responsible for their support"), it was not intended to forever bar him from seeking a financial contribution from the mother.

Preliminarily, we note that ambiguities in contract language should be construed most strongly against the drafter. *Rouse v. Glascam Builders, Inc.*, 101 Wn.2d 127, 135, 677 P.2d 125 (1984). This agreement was drafted by the husband's attorney and, thus, any ambiguities in the agreement must be interpreted against the husband.

The husband argues that, notwithstanding a contrary interpretation, paragraph 2(F) is illegal because a natural parent cannot contract away child support obligations. In Washington the coequal responsibility to support dependent children is imposed upon natural parents both by statute, RCW 26.16.205, and by common law. *State v. Wood*, 89 Wn.2d 97, 100, 569 P.2d 1148 (1977); *Hughes v. Hughes*, 11 Wn. App. 454, 461, 524 P.2d 472 (1974). It has long been recognized that parents cannot agree to prospectively terminate either parent's obligation to support their children. *State ex rel. Lucas v. Superior Court*, 193 Wash. 74, 78, 74 P.2d 888 (1937); *In re Marriage of Watkins*, 42 Wn. App. 371, 710 P.2d 819 (1985), *review denied*, 105 Wn.2d 1010 (1986). Custody, support, and visitation are always subject to future modification upon showing a substantial change of circumstances. RCW 26.09.170; *In re*

*Marriage of Pippins,* 46 Wn. App. 805, 808, 732 P.2d 1005 (1987).

When the divorce decree is silent concerning child support, coequal shares are the rule. *Hughes v. Hughes, supra* at 461. However, the court, using its discretion, may impose other than coequal shares.

> [B]oth the father and mother of minor children are responsible for the support of the children, and . . . this coequal obligation remains upon both parents after a divorce, unless the divorce court, in the exercise of its discretion in providing for the support of the children and *in making a just and equitable disposition of the property of the parties, determines that some other share should be imposed on either the father or mother.*

(Italics ours.) 11 Wn. App. at 456.

These principles are applied to separation contracts in RCW 26.09.070(3), which states:

> If either or both of the parties to a separation contract shall at the time of the execution thereof, or at a subsequent time, petition the court for dissolution of their marriage, for a decree of legal separation, or for a declaration of invalidity of their marriage, *the contract, except for those terms providing for the custody, support, and visitation of children,* shall be binding upon the court unless it finds . . . that the separation contract was unfair at the time of its execution.

(Italics ours.)

■ Applying these principles to the case at bar, the judge at the modification trial correctly concluded that the disparate division of property satisfied the wife's child support obligation. Conclusion of law 2 states:

> It was the intent of the parties, which has been carried out by the Decree, that Mrs. Holaday's obligation for support of the minor children be satisfied by the disparate division of the property, and that the only basis for modification was to be a change of the custody to the Respondent. This is the only reasonable interpretation of Findings of Fact 2. F. [entered in the original dissolution proceedings]:
>
> "The Court finds the division of the property in the Separation Contract is of substantial equal value.["] If

the $23,000 were invested at 10 percent interest, the $23,000 would provide child support for the children slightly in excess of $240 per month until they reached their eighteenth birthday which, given the present circumstances of the parties, is a reasonable amount of support.

We find no infirmity in this conclusion because (1) the court properly recognized that a disparate property division may be the basis for relieving one parent from child support obligations; (2) the court explained how $23,000 (the difference in the husband's and the wife's equity in the house) substituted for child support when invested at 10 percent interest; and (3) the court inferred that changed circumstances may require additional support by the wife— *"given the present circumstances of the parties,* [the $23,000 difference] is a reasonable amount of support." (Italics ours.) We thus conclude that the court properly preserved the husband's right to obtain future child support from the wife.

## DIVISION OF PROPERTY

The husband next challenges the court's conclusion that, at the time of the decree, the division of property was disparate against the wife.

First, he maintains that the modification court did not have the authority or jurisdiction to review the property division entered at the dissolution proceedings 4½ years ago. We disagree. The court is required to make findings of fact and conclusions of law in connection with all final decisions in divorce proceedings. CR 52(a)(2)(B). Because this was a modification trial, the court necessarily examined the original dissolution proceedings in order to determine whether or not a substantial change in circumstances had occurred. Accordingly, we find that the modification court acted within its authority and jurisdiction by commenting upon finding of fact 2(F).

Second, the husband asserts that the modification court lacked sufficient evidence to substantiate a finding that the property division within the decree of dissolution was dis-

proportionate against the wife. He appears to be challenging finding of fact 3, which states:

> Pursuant to the Decree of Dissolution, the Husband was awarded the family residence valued at $69,000, and subject to a mortgage of $30,000; a car valued at $2,500; and more than one–half of the household goods and furnishings. The parties divided the income tax return for that year equally between them.
>
> The Wife was awarded a 1965 automobile, less than one–half of the furniture, one–half of the income tax refund, and a lien payable in seven (7) years at 8 [percent] in the amount of $8,750. *The disparity between the award to the Petitioner and the award to the Respondent was at least $23,000.*

(Italics ours.)

On appeal, our review is limited to whether or not substantial evidence supports the findings of fact and in turn whether or not the findings of fact support the conclusions of law. *Nichols Hills Bank v. McCool,* 104 Wn.2d 78, 701 P.2d 1114 (1985); *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 638 P.2d 1231 (1982). "'Substantial evidence is evidence in sufficient quantum to persuade a fair–minded person of the truth of the declared premise.'" *Nichols,* at 82 (quoting *Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978)).

The following testimony elicited at trial supports this finding. The husband testified that, at the time of the dissolution, he was awarded the family residence subject to a $30,000 mortgage, a car worth $2,500, and more than one–half of the family furnishings. He further stated that the wife received a lien of $8,750 payable in 1987, a car worth very little, and one–half of the income tax refund. From this information the court reasonably found that the wife had received $23,000 less than the husband in property. This testimony was sufficient to support contested finding of fact 3.

## MOTION FOR RECONSIDERATION

The husband next challenges the denial of the motion for reconsideration. He argues that the motion should have

been granted under the following provisions of CR 59:

**(a) Grounds for New Trial or Reconsideration.** The verdict or other decision may be vacated and a new trial granted . . . for any one of the following causes materially affecting the substantial rights of such parties:

. . .

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

. . .

(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

. . .

(9) That substantial justice has not been done.

We find here no abuse of discretion in denying the motion. First, under CR 59(a)(3), the husband's "ordinary prudence" should have guarded against surprise at the wife's arguing a disparate property division. As discussed above, the disparate property division may satisfy a parent's child support obligations in a dissolution proceeding. Therefore, counsel should have been aware that the wife would argue on these grounds.

Second, the husband argues under CR 59(a)(4) that the motion should have been granted on the basis of newly discovered evidence. This evidence consisted of an affidavit from his prior attorney and two attached exhibits. The exhibits were a proposed property settlement prepared in preparation for the dissolution proceedings and an appraisal of the family home dated April 17, 1980.

A new trial may be granted on the basis of newly discovered evidence only if each of five requirements is satisfied: the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.

(Footnote omitted.) *State v. Evans*, 45 Wn. App. 611, 613,

726 P.2d 1009 (1986). Failure to satisfy any one of these five factors is a ground for denial of the motion. *State v. Fellers,* 37 Wn. App. 613, 617, 683 P.2d 209 (1984). The information in the affidavit was available at the 1980 trial, and the two exhibits had been prepared in anticipation of that trial. Therefore, the husband could have presented this material before the modification court. We conclude, therefore, that he did not exercise "due diligence" to obtain this evidence prior to the modification trial.

Third, the husband asserts under CR 59(a)(7) that there was insufficient evidence for the court's decision and that it was contrary to law. On a motion for reconsideration based on CR 59(a)(5)–(9), the court must base its decision on the evidence it already heard at trial. *Jet Boats, Inc. v. Puget Sound Nat'l Bank,* 44 Wn. App. 32, 42, 721 P.2d 18 (1986). The record of the modification trial proceedings reveals that sufficient evidence supported the court's conclusion concerning the disparity in the property division and that no conflicting evidence was presented. Counsel did not elicit testimony concerning the information contained in the attorney's affidavit. Therefore, the judge, drawing reasonable inferences from the testimony before him, correctly concluded that the intent of the parties had been carried out by the decree and that the disparate division of property satisfied the wife's support obligations.

Considering that the only evidence before the modification court supported the conclusion of a disparity in property division, substantial justice has been done. The husband's claim should, therefore, fail under CR 59(a)(9). A new trial is rarely granted on the sole basis that substantial justice has not been done. *Larson v. Georgia Pac. Corp.,* 11 Wn. App. 557, 562, 524 P.2d 251 (1974).

## CHANGE OF CIRCUMSTANCES

Finally, the husband assigns error to that portion of conclusion of law 2 which states, "There has been no substantial change of circumstances shown and the Petition should be dismissed."

■ A dissolution decree respecting maintenance or support may be modified only upon a showing of a substantial change of circumstances. RCW 26.09.170. This modification may be made only upon an *uncontemplated* change of circumstances occurring since the former decree. *In re Marriage of Zander*, 39 Wn. App. 787, 790, 695 P.2d 1007 (1985). The determining issue is: "Could and should the facts now relied upon as establishing a change in the circumstances have been presented to the court in the previous hearing?" *Lambert v. Lambert*, 66 Wn.2d 503, 509, 403 P.2d 664 (1965). Determination of whether such a change has occurred rests within the sound discretion of the trial judge and will only be reversed upon a showing of a manifest abuse of that discretion. *Lambert*, at 508.

The court here did not abuse its discretion. The husband bases his claim of a substantial change of circumstances upon six factors: (1) the children are growing older and their needs for food and clothing are increasing; (2) the children have had high medical bills; (3) his employment is sporadic and plagued by strikes; (4) his family has been increased by a wife and two minor children; (5) his financial situation shows a deficit; and (6) his ex–wife's financial situation has improved. Under the *Lambert* test, factors 1 and 3 were within the parties' reasonable contemplation at the time of the dissolution. Factor 2, the children's medical bills, were paid 80 percent by the husband's insurance. Factor 4 was a voluntary change of circumstances. Factor 5 appears to be based on unemployment income as shown in his affidavit for modification. However, the husband's testimony at trial revealed that he made approximately the same amount of money in 1984 as he had made in 1980, despite 11 weeks of unemployment, and that he saved $60 per week. Factor 6 was true; the wife's earnings had increased by approximately $541 per month.[2] However, her

[2]The wife's attorney claims that the wife's wages increased by $400 per month. However, the court's unchallenged findings show that the increase was approximately $541 per month.

monthly gross income of $1,125 was still far below the approximately $2,500 per month earned by the husband. In conclusion, we perceive no abuse in the court's discretion for refusing to find a substantial change in circumstances.

Affirmed.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.

Review denied by Supreme Court September 1, 1987.