FILED
COURT OF APPEALS
DIVISION II

2013 MAR 19 AM 8: 42

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KRISTY L. RICKEY and KELLY R. CAVAR, individually, and as Co-Executrixes of the Estate of Gerald Lee Munce, Deceased,<br><br>Appellants,<br><br>v.<br><br>CLARENCE G. MUNCE,<br><br>Respondent. | No. 42245-0-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

HUNT, J. — Kristy L. Rickey and Kelly R. Cavar, co-executrixes of their father Gerald Munce's estate (Gerald's estate), appeal a superior court's reinstatement of Clarence Munce's (Munce) answer and his contributory negligence affirmative defense,[1] previously stricken by a different superior court as a discovery violation sanction. Gerald's estate argues that the reinstating superior court (1) lacked authority to revise the discovery sanction order entered by the original court; (2) even if the second superior court judge had such authority, it abused its discretion because the previous order was neither internally inconsistent nor in need of revision; and (3) alternatively, the second superior court should have resolved any inconsistency by relying on the original court's written order. We hold that although the second superior court

---

[1] Munce's original affirmative defenses included (1) contributory negligence, (2) self-defense, (3) assumption of risk, (4) apportionment, and (5) comparative fault. Only the contributory negligence defense is at issue in this appeal.

had authority to revise the original court's order, it abused its discretion by vacating the order sua sponte without justifiable reason. Accordingly, we reverse the second superior court's revision of the original court's discovery sanction order; and we remand for trial, at which Munce will be precluded from presenting his previously stricken answer and contributory negligence affirmative defense.

## FACTS

In June 2008, Clarence Munce shot his son, Gerald[2], in the back, killing him. Munce told police that he had intended merely to scare Gerald. There were no other witnesses. The State charged Munce with first degree murder.

During the course of the criminal proceedings, Gerald's daughters, Kristy L. Rickey and Kelley R. Cavar, both individually and as co-executrixes of Gerald's estate, filed claims against Munce in superior court under Washington's wrongful death and survival statutes. In his answer to Gerald's estate's wrongful death complaint, Munce asserted several affirmative defenses—including self-defense, assumption of risk, apportionment, and comparative fault. He also asserted counterclaims for assault and battery.

### I. STRIKING ANSWER AS DISCOVERY SANCTION BY ORIGINAL COURT

Pending a competency determination for Munce, the original superior court in the wrongful death action entered an order precluding Gerald's estate from requesting discovery from Munce for 120 days. When Munce was found incompetent to stand trial in the criminal case, the original court lifted the discovery stay in Gerald's estate's civil action against him and appointed Michael Smith to act as Munce's guardian ad litem.

---

[2] We refer to Gerald by his first name for clarity; we intend no disrespect.

Munce timely responded to Gerald's estate's pending discovery requests, but he provided little or no substantive information. Instead, he objected to most of the requests for admission and provided equivocal admissions and denials for the interrogatories based on his assertion of the Fifth Amendment[3] privilege against self-incrimination and his alleged mental incompetency.

The original court ordered Munce to present himself for deposition; it also allowed Munce's criminal defense attorney, Erik Bauer, to attend the deposition with Munce to "instruct and assert privileges." Clerk's Papers (CP) at 46 (emphasis omitted). During Munce's deposition, Bauer instructed him to refuse to take the oath and, except for one question, not to answer any questions, based on the Fifth Amendment privilege against self-incrimination.

Gerald's estate moved for sanctions against Munce based on his inadequate responses to discovery requests and his abuse of the Fifth Amendment privilege during his deposition: Gerald's estate asked the original court to strike Munce's affirmative defenses and answer, to dismiss his counterclaims, and to deem him in default based on his failure to provide any meaningful substantive answer or response to discovery requests.

The original superior court ruled that Munce's blanket assertion of the Fifth Amendment privilege during his deposition was inappropriate and improper. Because Munce had failed to allow Gerald's estate to depose him in any meaningful way, Gerald's estate was unable to learn what relevant and admissible evidence his deposition could have provided had he answered the questions. The original court also ruled: "I am going to impose some sanctions. I am going to strike the counterclaims and the affirmative defenses. [But] I'm not going to grant your request

---

[3] U.S. CONST. amend. V.

3

for some kind of a directed verdict in the case." CP at 39. The original court's written findings stated,

> [T]he Court will impose sanctions as follows: (1) Defendant's Affirmative Defenses and Answers shall be stricken; (2) Defendant's Counter-claim[s] shall be stricken and shall forthwith be dismissed.

CP at 50 (Finding of Fact (FF) 19). And it reiterated, "[T]he Court shall not enter an Order of Default, which would be tantamount to a directed verdict on the issue of liability in this matter." CP at 50 (FF 19).

Munce moved for reconsideration of the sanction order, highlighting, "While this [c]ourt stated in its oral ruling that it was not imposing the most severe sanction of a directed verdict, the court has for all practical purposes, granted a directed verdict for the plaintiffs by dismissing the defendant's affirmative defenses and counterclaims." CP at 2241. The original court acknowledged Munce's argument but signed Gerald's estate's proposed order striking Munce's answer, including his affirmative defenses and counterclaims.

## II. REINSTATEMENT OF STRUCK ANSWER BY SECOND COURT

The wrongful death case against Munce was then transferred to a different superior court judge. Gerald's estate moved for (1) partial summary judgment on its negligence and proximate cause claims, and (2) an order of default. Gerald's estate argued that, because the original court had struck Munce's answer and affirmative defenses, Munce had "failed to plead, or otherwise defend" against Gerald's estate's claims. CP at 640.

The second superior court denied Gerald's estate's motion for an order of default but granted the motion for partial summary judgment on the liability component of the estate's claims. Denying summary judgment on the proximate cause component of Gerald's estate's

claims, the second court instead (1) concluded that the original court's written findings of fact and conclusions of law were internally inconsistent and conflicted with its oral ruling[4]; and (2) based on these perceived inconsistencies, the second court sua sponte reinstated Munce's answer and contributory negligence affirmative defense.[5] Gerald's estate appeals.

ANALYSIS

Gerald's estate argues that the second court abused its discretion in revising the original court's discovery sanction order because (1) it is "generally inappropriate for one trial court to revisit or revise an order from another trial court judge which has been entered unconditionally"; (2) there was no inconsistency between the original court's oral ruling and its written order; and (3) alternatively, the second court inappropriately revised the original court's order because the earlier written order should have controlled. Br. of Appellant at 29. We agree with Gerald's estate's second argument.

---

[4] More specifically, the second court noted:

> Now, looking at the findings of facts and conclusions of law that were entered by [the original court] . . ., it says here ["]The Court, in the exercise of its discretion, shall not award the following sanctions requested by [Plaintiffs] in this matter: The Court shall not enter an order of default which would be tantamount to a directed verdict on the issue of liability.["] And when he gets to the conclusions of law, he is striking the affirmative defenses. He has not stricken the Answer, no matter how inconsistent this might seem to [me]. Nonetheless, that's what he did . . . He struck the counter claim and affirmative defenses. He didn't strike the Answer; so at this point, we still have an Answer, such as it is.

Verbatim Report of Proceedings (May 20, 2011) at 17.

[5] The second court provided no reason for reinstating Munce's contributory negligence defense. But the court did share its vision for trial on the issue of fault as follows:

> The percentage of fault attributable to Clarence Munce is a question of fact for the jury to determine at trial as [Munce] will be allowed to argue contributory negligence [by Gerald] at trial and it will be for a jury to determine the relative percentage of fault between Clarence Munce and Gerald Munce.

CP at 1076.

## I. AUTHORITY TO REVISE ORIGINAL SANCTION ORDER

A trial court is generally entitled to reexamine an issue and to reconsider a ruling unless it was a final decision. *Cent. Reg'l Transit Auth. v. Heirs & Devisees of Eastey*, 135 Wn. App. 446, 464-65, 144 P.3d 322 (2006) (Cox, J., concurring); *accord MGIC Fin. Corp. v. H.A. Briggs Co.*, 24 Wn. App. 1, 8, 600 P.2d 573, *review denied*, 92 Wn.2d 1038 (1979). Under CR 54(b), a decision that adjudicates fewer than all of the claims in an action is not final unless the trial court makes a written finding that there is no just reason for delay of the entry of judgment. In the absence of such a finding, a ruling resolving fewer than all claims "is subject to revision at any time."[6] Moreover, the trial court has authority to modify sua sponte its initial judgment;[7] and, where a case is transferred to a new judge at the same court, the transferee judge is not foreclosed from revisiting a ruling the previous judge made. *In re Estate of Jones*, 170 Wn. App. 594, 604-05, 287 P.3d 610 (2012).

Here, the original court's sanctions order did not resolve all of the claims against all of the parties; nor do the parties assert that the original court certified the finality of its discovery sanction order dismissing Munce's answer. Therefore, the second court had authority under CR 54(b) to modify the original court's sanction order. The next question we address, then, is whether the second court abused that authority in revising the original court's sanction order.

---

[6] CR 54(b). *See also Washburn v. Beatt Equipment Co.*, 120 Wn.2d 246, 300, 840 P.2d 860 (1992) (citing *Fox v. Sunmaster Prods., Inc*, 115 Wn.2d 498, 504, 798 P.2d 808 (1990)).

[7] *Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 150 Wn. App. 1, 14 n.32, 206 P.3d 1255, *review denied*, 167 Wn.2d 1007 (2009).

## II. ABUSE OF DISCRETION

Gerald's estate argues, "[I]t is simply beyond question that [the second court] abused [its] discretion" and acted arbitrarily and capriciously in revising [the first court's] sanction order because (1) there was no motion before the court to do anything to the sanction order; (2) there was no inconsistency between its oral ruling and his written sanction order; and (3) even if there was an inconsistency, the written order controlled. Reply Br. of Appellant at 16. We agree.

We leave reconsideration of any issue to the sound discretion of the superior court and will not reverse absent a clear manifest abuse of discretion. *Holaday v. Merceri*, 49 Wn. App. 321, 324, 742 P.2d 127, *review denied*, 108 Wn.2d 1035 (1987). A superior court abuses its discretion when it acts in a manner that is manifestly unreasonable or if its ruling is based on untenable grounds or reasons. *State v. Land*, 121 Wn.2d 494, 500, 851 P.2d 678 (1993). Such is the case here.

The second court's order granting partial summary judgment to Gerald's estate on the issue of liability also reinstated Munce's answer and contributory negligence affirmative defense, which the original court had stricken as a discovery violation sanction. Contrary to the second court's conclusion, however, there was no internal inconsistency in the original court's order dismissing Munce's answer while simultaneously denying Gerald's estate's motion for entry of a default judgment. Even though the ruling deprived Munce of his affirmative defenses, there remained for trial at that point the issues of liability and damages. And even if entry of a default judgment might arguably have been an option when the second judge later granted Gerald's estate's motion for summary judgment on the issue of Munce's liability, the issue of damages, at least, still remained for trial.

Moreover, Munce did not ask the second superior court to reinstate his affirmative defense of contributory negligence; nor did the parties or the second court discuss this issue at any hearing. Furthermore, in reinstating this affirmative defense sua sponte, the second court articulated no reason or any tenable ground. In short, because there was no internal inconsistency justifying the second court's sua sponte vacating portions of the original court's sanction order and reinstating Munce's answer and no explanation for reinstating his contributory negligence affirmative defense, we hold that the second court abused its discretion.[8]

We reverse the second superior court's revision of the original court's discovery sanction order, and we remand for trial, at which Munce will be precluded from presenting his previously stricken answer and contributory negligence affirmative defense.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Johanson, A.C.J.

Bridgewater, J.P.T.

---

[8] Accordingly, we do not address Gerald's estate's third argument for abuse of discretion and reversal, namely that the superior court violated the well-settled legal principle that, when a superior court's oral decision conflicts with its written decision, the written decision controls. *See Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963).