
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 35090-8-III |
| LISA MARIE HERRMANN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL ALAN HERRMANN, JR., | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Former husband Paul Herrmann appeals the trial court's order

vacating an earlier order that modified his obligation to pay child support and erased a

debt for past due support. Because the trial court did not abuse its discretion, we affirm

the vacation of the earlier order.

FACTS

Lisa Herrmann, now known as Lisa Morgan (Morgan), filed for divorce from Paul

Herrmann (Herrmann) in 2004. A parenting plan, entered two years later, granted

Morgan primary custody of the parties' two children, age four and two at the time. A

child support order, also entered in 2006, required Herrmann to pay a total of $1,000 per month. In 2011, the trial court modified the child support order due to a decrease in Herrmann's income. The new order required Herrmann to pay $765 per month, which amount would increase to $850 per month starting December 1, 2012.

In October 2012, Lisa Morgan filed a petition to modify the parenting plan by adding an antiharassment protection order suspending all contact between Paul Herrmann and the two children. Morgan did not seek modification of the child support order. Herrmann did not file an answer to the petition for a restraining order, nor did he file a petition to modify child support.

Both parties' attorneys appeared in court on August 27, 2014, without their respective clients present. Lisa Morgan had not seen a final agreement before the hearing so, in advance of the hearing, she authorized her attorney to present her positions to Paul Herrmann's counsel and to gain clarification of Herrmann's positions. Morgan expressly instructed her attorney not to sign any final documents until he relayed to Morgan the clarification she requested.

The trial court entered a new parenting plan on August 27, 2014, which plan reduced Paul Herrmann's visitation with the children to one supervised visit per year, lasting not longer than six hours. On August 27, the trial court also entered an order modifying child support despite no pending motion or petition requesting modification. Herrmann's and Morgan's attorneys completed a child support worksheet that imputed

2

$2,000 as monthly net income for Morgan and $3,000 as a monthly net income for Herrmann. The attorneys, however, provided no evidence, such as tax returns or paystubs, to the court to verify income. The standard calculation for child support for Herrmann was then $850. Nevertheless, the order entered waived his monthly transfer payment in its entirety. The only justification identified in the order for waiver of child support declared that Herrmann, who lived in Texas, needed to pay all transportation expenses, including lodging, rental fees, and meals, to exercise visitation in Washington State.

In addition to granting Paul Herrmann a downward deviation in child support, the August 2014 modified support order required Lisa Morgan to pay all health insurance for the children and awarded a dependency tax exemption to Herrmann. The order also relieved Herrmann of $2,465 in back support owed by erroneously stating that "[n]o back child support is owed at this time." Clerk's Papers at 346.

PROCEDURE

On September 18, 2015, Lisa Morgan moved the court to vacate the August 2014 order and reinstate the 2011 child support order. Morgan sought relief pursuant to CR 60(b)(5) and (b)(11) because neither she nor Paul Herrmann had petitioned the court to modify child support and Morgan never authorized her attorney to sign an order on her behalf that would relieve Herrmann of his duty to pay child support. Morgan also argued the order was void as against public policy because the order eliminated Herrmann's duty

3

to pay child support. Finally, Morgan contended that the order was void for noncompliance with Washington statutes regarding healthcare costs and the verification of income required to deviate from a standard child support calculation. Among other responses to the motion to vacate, Herrmann argued the order did not violate public policy because it did not foreclose Morgan from modifying the order in the future.

At a June 17, 2016 hearing on Lisa Morgan's motion to vacate, the trial court agreed many irregularities led to the entry of the August 2014 order. The court observed that Morgan never asked for any changes to the preexisting child support order and that the court never determined adequate cause before modifying the support order. Instead, the 2014 trial court signed an order of adequate cause when it signed the modification order. When addressing Herrmann's response to Morgan's public policy argument, the trial court iterated that Morgan lacked the ability to indiscriminately modify the 2014 order at some indefinite time in the future. Instead, Morgan needed to show a change in circumstances to modify the order.

During the June 17, 2016 hearing, the trial court noted other irregularities in the August 2014 modification of child support order. Paul Herrmann's child support obligation changed from $761 per month to nothing despite the order listing both parties as garnering suitable incomes. The court observed the lack of a record to justify a zero transfer payment. The 2014 order also extinguished back support owed without any justification. The trial court concluded that unusual circumstances surrounded entry of

4

the August 2014 order and further concluded that the basis for vacating the order did not neatly fit within any provision of CR 60(b)(1) through (10). Nevertheless, the trial court vacated the order pursuant to CR 60(b)(1).

On October 10, 2016, both parties sought reconsideration of the trial court's June 2016 ruling on the basis that the court lacked authority to vacate the 2014 order under CR 60(b)(1) when Lisa Morgan had filed her motion more than one year after entry of the order. Both parties also noted that Morgan never sought relief pursuant to CR 60(b)(1). As she had in her original motion to vacate, Morgan again sought relief under CR 60(b)(5) or CR 60(b)(11). The trial court issued another ruling on November 9, 2016. The court conceded error because it lacked discretion to extend the time in which to bring a motion to vacate under CR 60(b)(1). The court granted Morgan's motion for reconsideration and vacated the August 2014 order as void under both CR 60(b)(5) and (b)(11). The trial court reinstated the 2011 child support order and entered judgment for $22,015 in back child support: $19,550 from August 2014 through July 2016 in addition to the $2,465 originally owed.

## LAW AND ANALYSIS

### 2016 Order Vacating 2014 Child Support Modification Order

On appeal, Paul Herrmann contends the trial court erred when it granted Lisa Morgan's 2016 motion to vacate portions of the August 27, 2014 order modifying child support. He asks that the 2014 order be affirmed such that he is relieved of both past and

current child support obligations.

The trial court holds discretion when granting or denying a motion to vacate, and this court will not reverse the decision in the absence of a manifest abuse of discretion. *Gustafson v. Gustafson*, 54 Wn. App. 66, 70, 772 P.2d 1031 (1989). A court abuses its discretion when its decision is based on untenable grounds or reasoning. *Barr v. MacGugan*, 119 Wn. App. 43, 46, 78 P.3d 660 (2003). Proceedings to vacate judgments are equitable in nature, and the trial court is encouraged to exercise its authority liberally to preserve substantial rights and do justice between the parties. *In re Marriage of Hardt*, 39 Wn. App. 493, 496, 693 P.2d 1386 (1985).

Washington consistently holds that parents cannot agree to waive child support obligations. *In re Marriage of Fox*, 58 Wn. App. 935, 937 n.3, 795 P.2d 1170 (1990); *In re Marriage of Pippins*, 46 Wn. App. 805, 808, 732 P.2d 1005 (1987); *In re Marriage of Watkins*, 42 Wn. App. 371, 373-74, 710 P.2d 819 (1985); *State ex rel. Lucas v. Superior Court*, 193 Wash. 74, 78, 74 P.2d 888 (1937). Such agreements violate public policy and are thereby void and unenforceable. *In re Marriage of Hammack*, 114 Wn. App. 805, 808, 810-11, 60 P.3d 663 (2003); *In re Marriage of Pippins*, 46 Wn. App. at 808. CR 60(b)(5) allows a court to vacate a void order or judgment. The moving party must file a motion for relief under CR 60(b)(5) within a reasonable time. CR 60(b).

The trial court, in vacating the 2014 order, relied principally on *In re Marriage of Hammack*, 114 Wn. App. 805 (2003), to find the August 2014 order void as against

6

public policy. Herrmann denies the relevance of the *Hammack* decision. He also argues that agreements exempting a parent from paying child support violate public policy only when the agreement seeks to foreclose the right of either party to seek modification in the future. Herrmann emphasizes that the 2014 order did not preclude Lisa Morgan from seeking modification in the future.

In *Marriage of Hammack*, a husband and wife incorporated a provision in their dissolution decree that awarded the husband property worth $362,000, while the wife received property worth $15,000. The trial court approved the disparate division based on an oral agreement exempting the wife from paying any future child support. Despite the agreement and order, the husband later moved for an award of child support. The trial court found the parties' oral child support agreement invalid and ordered the wife to pay support. The wife responded by moving to vacate the property settlement that the court granted.

On appeal, in *Marriage of Hammack*, this court affirmed the trial court's vacation of the agreement. This court held that, because the wife agreed to an inequitable division of property in exchange for release from child support obligations, the entire agreement, including the division of property, was void and unenforceable from its inception. The court noted that a disparate division of property may satisfy one spouse's child support obligations when treated as an "advance payment" on support and if the parties followed some procedural rules. *In re Marriage of Hammack*, 114 Wn. App. at 809. The parties

7

failed to calculate an appropriate child support sum, failed to quantify the value of the property the wife relinquished in lieu of paying future support, and failed to preserve the right for the husband to seek future child support.

We distinguish *Marriage of Hammack* with *Holaday v. Merceri*, 49 Wn. App. 321, 742 P.2d 127 (1987), on which Paul Herrmann relies. Nevertheless, *Holaday v. Merceri* does not stand for the proposition that a parent can forgo paying child support as long as the order waiving support does not foreclose an obligation in the future as Herrmann asserts. Similar to *Hammack*, *Holaday* involved a disparate division of property that functioned as an offset of child support payments the wife would otherwise pay. Yet, in *Holaday*, the court found the agreement valid despite the husband's argument that a parent cannot agree to terminate support obligations. The court upheld the validity of the agreement because (1) the trial court found that the parties agreed to a disparate division of property in order to satisfy the wife's portion of child support, (2) the trial court explained how the difference in the husband's and wife's equity in property substituted for child support when invested at a certain interest rate, (3) the trial court calculated the value of the property and found the amount of the waiver of child support to be reasonable, and (4) the trial court inferred in one of its findings that changed circumstances may require a support payment from the wife.

The facts in Paul Herrmann's appeal align with the circumstances in *Marriage of Hammack*, not with *Holaday v. Merceri*. The August 2014 order failed to calculate a

reasonable amount of support for the children. The order omitted any calculation of the costs of Herrmann's yearly trip to visit his children, and the order failed to compare the two figures. Additionally, Paul Herrmann does not cite any authority that exempts a parent from paying child support due to costs related to exercising visitation rights. The only cases cited address disparate property divisions and how the division may function as an advance payment for child support.

Our analysis does not change because Lisa Morgan could theoretically modify child support in the future since requesting such a modification would not reinstate the back child support obligation Paul Herrmann owed before the August 2014 order erroneously erased the obligation. Also, Morgan could not freely modify the 2014 order, but would need to show a substantial and uncontemplated change of circumstances. *In re Marriage of Burch,* 81 Wn. App. 756, 761, 916 P.2d 443 (1996).

The August 2014 order also violated numerous Washington statutes. RCW 26.19.071(1) dictates that all income and resources of each parent's household shall be disclosed and considered by the court when determining child support obligations for each parent. The statute also demands the provision of tax returns or current paystubs to verify income and deductions. RCW 26.19.071(2). Under a related statute, if the court deviates from the standard calculation of income, it shall enter findings that specify reasons for any deviation from the standard calculation.

9

RCW 26.19.075(3). RCW 26.19.080(2) demands that monthly health care costs be shared by the parents in the same proportion as the child support obligation.

In short, many reasons support the trial court's decision voiding the August 2014 child support modification order. Also, in compliance with CR 60(b)(5), Lisa Morgan filed her motion to vacate in a reasonable amount of time. The trial court did not abuse its discretion in granting the motion to vacate.

The trial court also held authority to vacate the August 2014 order under CR 60(b)(11) because the order provided greater relief than Lisa Morgan requested. *In re Marriage of Hardt*, 39 Wn. App. at 495-96 (1985). In *Hardt*, this court affirmed the lower court's vacation of a five-year-old order under this reasoning. Our Supreme Court later adopted this rule in *In re Marriage of Leslie*, 112 Wn.2d 612, 772 P.2d 1013 (1989). In 2012, Morgan only requested to modify the parenting plan. Herrmann did not file an answer or any petition to modify child support. Thus, the 2014 order provided greater relief than requested.

Attorney Fees

Lisa Morgan asks this court to award her reasonable attorney fees on appeal pursuant to RAP 18.1(a) and RCW 26.09.140. The statute allows reasonable attorney fees to be ordered after considering the financial resources of both parties. RCW 26.09.140. Our record establishes that Paul Herrmann garners a higher income

10

than Morgan. Morgan also shows a need for recovery of fees as her monthly expenses exceed her income.

Lisa Morgan also seeks attorney fees due to Paul Herrmann's intransigence and harassing litigation techniques. A finding of intransigence renders irrelevant the financial resources of the spouse seeking the award. *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992); *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). Intransigence is a basis for attorney fees in dissolution proceedings and may involve foot-dragging, obstructing, filing unnecessary or frivolous motions, or any other conduct that renders the proceeding unduly difficult or costly. *In re Marriage of Greenlee*, 65 Wn. App. at 708.

The trial court found that Paul Herrmann employs litigation as a "legal form of harassment" against Lisa Morgan and sanctioned Herrmann. Report of Proceedings at 24-25. The trial court also noted the marriage dissolution proceeding has lasted thirteen years and contains twenty-one volumes of over 1,200 pleadings. Based on this intransigence and the financial need of Morgan, this court awards her attorney fees.

CONCLUSION

We affirm the trial court's vacation of the August 2014 child support modification order. We award Lisa Morgan reasonable attorney fees and costs on appeal against Paul Herrmann.

11

No. 35090-8-III
*In re Marriage of Herrmann*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

12