# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN MATTHEWS, | No.  50835-4-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent. | |

JOHANSON, J.  —  Brian Matthews appeals the trial court's order granting the State's CR 12(b)(6) motion and dismissing Matthews's breach of contract action.  Matthews's breach of contract claim sought to enforce a specific provision of articles of incorporation that he filed with the State that provided he would be immediately released from prison where he is serving time for a felony offense and that his legal financial obligations would be stricken.  Matthews also challenges the trial court's finding that this action was frivolous for purposes of RCW 4.24.430.  Even presuming, but not deciding, that the articles of incorporation were a contract with the State, the provision Matthews seeks to enforce violates public policy.  Accordingly, we affirm the trial court.

## FACTS

Matthews is an inmate who is currently under the jurisdiction of the Department of Corrections.  On April 14, 2015, Matthews filed a "Declaration of Charter" purporting to establish a corporate fraternal society entitled American Security Agency (ASA) with the Washington secretary of state.

No. 50835-4-II

The "Declaration of Charter" included the following article:

Article XXV
That in order to facilitate the prompt initiation of operations under this Charter document, the STATE OF WASHINGTON shall expediently adjust to a zero ($0) balance the entirety of its accounts receivable (judgment) number 999107790 under Pierce County Superior Court Cause No. 98-1-05430-3; FURTHER, the STATE OF WASHINGTON shall expediently dismiss with prejudice the entirety of said Pierce County Superior Court Cause No. 98-1-05430-3. The STATE OF WASHINGTON and its officers and agents are directed to affirmatively perform pursuant to and under this mandate.

Clerk's Papers (CP) at 17.

Matthews paid a $70 filing fee to the secretary of state. The secretary of state subsequently issued a certificate of incorporation for ASA.

On April 3, 2017, after unsuccessfully seeking release from his criminal conviction in the Pierce County Superior Court based on article XXV, Matthews filed a breach of contract action against the State in his own name. Matthews alleged that the State had breached the contract created by Matthews's filing of the "Certificate of Incorporation" and articles of incorporation for ASA because the Pierce County Superior Court had refused to comply with article XXV.

The State moved to dismiss the action under CR 12(b)(6)[1] and for "an order specifically finding [the action] frivolous for purposes of RCW 4.24.430."[2] CP at 72. The State argued that (1) there was no binding contract with the State of Washington and (2) Matthews could not sue

---

[1] CR 12(b)(6) provides that a claim may be dismissed if it fails to state a claim upon which relief can be granted.

[2] Subject to certain exemptions and conditions, RCW 4.24.430 prohibits the waiver of filing fees on civil actions if the person filing the action has previously brought three or more actions or appeals against the State or a state agency that were dismissed as frivolous or malicious.

because he is not the real party in interest in the case and had not sued in the name of the corporation.

The trial court granted the State's motion to dismiss the breach of contract claim and found that the claim was frivolous for purposes of RCW 4.24.430. The trial court also denied Matthews's motion for reconsideration. Matthews appeals.

ANALYSIS

Matthews argues that the trial court erred in granting the State's motion to dismiss because (1) the "Charter of Incorporation" is a contract with the State of Washington, (2) he is a party to the contract and can therefore represent himself, and (3) there is a factual basis for the breach of contract action. Because article XXV violates public policy, we affirm the trial court.

I. STANDARD OF REVIEW

We review a trial court's CR 12(b)(6) dismissal de novo. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). Dismissal is proper if the plaintiff can prove no set of facts that would justify recovery. *Trujillo*, 183 Wn.2d at 830.

In evaluating whether any set of facts can justify recovery, "[w]e presume that the plaintiff's factual allegations are true and draw all reasonable inferences from the factual allegations in the plaintiff's favor"; we may even consider hypothetical facts. *Trujillo*, 183 Wn.2d at 830. "'But, [i]f a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate.'" *Trujillo*, 183 Wn.2d at 830 (alteration in original) (internal quotation marks omitted) (quoting *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 963, 331 P.3d 29 (2014)). We may affirm on any ground supported by the record. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795 (2004).

## II. VIOLATION OF PUBLIC POLICY

> A contract that is either illegal or violates public policy is void and unenforceable. *Fluke Corp. v. Hartford Accident & Indem. Co.*, 102 Wn. App. 237, 245, 7 P.3d 825 (2000), *aff'd*, 145 Wn.2d 137, 34 P.3d 809 (2001); *Sherwood & Roberts-Yakima, Inc. v. Leach*, 67 Wn.2d 630, 636, 409 P.2d 160 (1965). A contract that "seriously offends law or public policy" is "void ab initio" or "null from the beginning[.]" *Helgeson v. City of Marysville*, 75 Wn. App. 174, 180 n.4, 881 P.2d 1042 (1994) (citing BLACK'S LAW DICTIONARY 1574 (6th ed.)).

*In re Marriage of Hammack*, 114 Wn. App. 805, 810-11, 60 P.3d 663 (2003) (alteration in original). "In determining whether a contract is contrary to public policy, the test is not merely what the parties actually did, or contemplated doing, in order to carry out the contract, or even the actual result of its performance, but, rather, whether the contract as made has a tendency to evil." *Goodier v. Hamilton*, 172 Wash. 60, 62-63, 19 P.2d 392 (1933); *see also Viking Properties, Inc. v. Holm*, 155 Wn.2d 112, 126, 118 P.3d 322 (2005). "Public policy in its broad sense is that principle of law holding that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." *Makinen v. George*, 19 Wn.2d 340, 354, 142 P.2d 910 (1943); *see also Viking Properties, Inc.*, 155 Wn.2d at 126.

In this instance, allowing a convicted felon to unilaterally circumvent the judicial system and obtain release from a felony conviction and its related legal financial obligations by the mere filing of articles of incorporation is clearly against public policy and is against the public good. Thus, even if we presume without deciding that the articles of incorporation were a contract with the State, article XXV of the articles of incorporation is void and unenforceable, and the trial court did not err in granting the State's motion to dismiss.[3]

---

[3] Citing RAP 2.5(a), Matthews contends that we should not consider the State's argument that the contract is illegal because the State did not raise this argument in the trial court. But RAP 2.5 allows us to exercise our discretion to reach unpreserved claims of error. *State v. Blazina*, 182

As to the trial court's finding that the civil action was frivolous, we also agree. "A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997). Because the basis of Matthews's contract claim clearly violated public policy, the trial court did not err in finding that the contract claim was frivolous.

Accordingly, we affirm the trial court's dismissal of Matthews's civil action and its finding that the action was frivolous for purposes of RCW 4.24.430.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.

---

Wn.2d 827, 834-35, 344 P.3d 680 (2015) ("RAP 2.5(a) grants appellate courts discretion to accept review of claimed errors not appealed as a matter of right."). Because this case involves an act that is against public policy, we exercise our discretion and address the State's illegality argument.