[No. 16145–8–I.   Division One.   December 29, 1986.]

BC TIRE CORPORATION, *Appellant,* v. GTE DIRECTORIES CORPORATION, *Respondent.*

352

*Robert E. Ordal,* for appellant.

*Laurence R. Weatherly* and *Keller Rohrback,* for respondent.

PEKELIS, J.—Appellant BC Tire Corporation brought this action against GTE Directories Corporation for breach of contract and negligence due to GTE's failure to publish a certain advertisement in the yellow pages of the Everett telephone directory. The trial court granted GTE's motion for summary judgment and dismissed the action. On appeal, BC Tire argues that an exclusionary clause contained in the application for advertising is unconscionable, and that even if the exclusionary clause is effective, GTE is nonetheless liable for negligence. We affirm.

## FACTS

BC Tire, of which Robert Carl is the president and sole shareholder, owns and operates a retail tire store in Everett, Washington. GTE solicits and prints advertising in the yellow pages of the Everett telephone directory.

On February 10, 1982, Carl met with Mr. Balzarini, a GTE salesman, and signed a form entitled "Application for Directory Advertising." At the bottom of the front side of the application, below the description of the advertising requested the following paragraph appears:

In accordance with the terms on the reverse side of this application the above applicant requests the GTE Directories Corporation to insert and/or make the changes shown in the above advertising items in the forthcoming and subsequent issues of the Telephone Directory and agrees to pay the total amount per month as shown above each month in advance on publication of said advertising items.

The reverse side of the application is entitled "Terms of Application for Directory Advertising". Below the title are seven numbered paragraphs, each of which begins with an introductory word or phrase in boldface print. Among these are the following:

1. Acceptance of Application. It is mutually understood and agreed that the publication of the advertising requested in the Telephone Directory shall constitute an acceptance of this application by the Telephone Company and the GTE Directories Corporation. Otherwise, this application is not binding on either of the parties.

. . .

3. Errors and Omissions. Neither the Telephone Company nor GTE Directories Corporation shall be liable to the applicant for damages resulting from failure to include in the directory any item of advertising specified in this application or from errors in the advertising printed in the directory in excess of the amount paid by the applicant for said item of advertising for the issue in which the error or omission occurs.

Although Carl admits to having signed many directory advertising applications, some of which contained terms identical to those set out above, he contends that he was unaware of the provisions on the reverse side of the application. He also contends that the exclusionary clause[1] was

---

[1]We note that there is a distinction between disclaimers and exclusionary clauses:

> A disclaimer clause is a device used to exclude or limit the seller's warranties; it attempts to control the seller's liability by reducing the number of situations in which the seller can be in breach. An exclusionary clause, on the other hand, restricts the remedies available to one or both parties once a breach is established.

*Schroeder v. Fageol Motors, Inc.*, 86 Wn.2d 256, 259, 544 P.2d 20 (1975) (quoting

never pointed out to him by a directory advertising salesman.

BC Tire's advertisement was omitted from the August 1982 Everett telephone directory. Subsequently, Carl met with Balzarini and his supervisor, and, according to Carl, was told that Balzarini had "screwed up." Carl was not billed for the advertisement.

BC Tire brought suit, alleging that the omission of the advertisement was both a breach of contract and negligence on the part of GTE. BC Tire sought to recover damages for lost profits in an amount to be proven at trial.

GTE moved for summary judgment, on the grounds that (1) there was no contract between GTE and BC Tire, (2) GTE's liability was effectively limited by the exclusionary clause, and (3) BC Tire's negligence claim was simply a restatement of its contract claim. The trial court granted GTE's motion and dismissed the complaint. After the court denied its motion for reconsideration, BC Tire brought this appeal.

## BREACH OF CONTRACT

BC Tire has devoted by far the greater part of its argument to the proposition that its damages for breach of contract are not limited by the exclusionary clause on the reverse side of the application. However, before we consider the effect of the exclusionary clause, we must determine whether a contract in fact existed between BC Tire and GTE.

Paragraph 1 on the reverse side of the application states that "the publication of the advertising requested . . . shall constitute an acceptance of this application" by GTE. "Otherwise," it continues, "this application is not binding on either of the parties."

---

J. White & R. Summers, *Uniform Commercial Code* § 12–11, at 383–84 (1972)). Paragraph 3 on the reverse side of the application restricts the remedies available to the applicant, and is thus an exclusionary clause.

■ The application by its terms is an offer of a unilateral contract; that is, "an offer to enter into a contract upon the doing of a bargained for act by the offeree." *Knight v. Seattle–First Nat'l Bank,* 22 Wn. App. 493, 496, 589 P.2d 1279 (1979). "The performance by the [offeree] constitutes an acceptance of the offer and the contract then becomes executed." *Knight,* at 496 (quoting *Cook v. Johnson,* 37 Wn.2d 19, 23, 221 P.2d 525 (1950)). In this case, BC Tire, the offeror, has offered to make certain monthly payments upon the publication of the requested advertisement by GTE. There is no acceptance of the offer, and hence no contract, until performance of the bargained for act; that is, until publication of the advertisement by GTE. Because the advertisement was never published, there was no acceptance, no contract, and, thus, no breach.

Because no contract existed between BC Tire and GTE, we need not consider whether the exclusionary clause is effective or whether, as BC Tire argues, it is unconscionable. In either case, BC Tire's claim for breach of contract was properly dismissed.

### NEGLIGENCE

■ BC Tire also asserts that it was error for the trial court to dismiss its negligence claim. However, counsel has not raised this matter either in his assignments of error or in the issues pertaining to his assignments of error. Moreover, he has produced no argument or citation of authority to support the proposition that GTE owed BC Tire any duty which can be the basis of a negligence action. This court will not review a claimed error unless it is (1) included in an assignment of error or clearly disclosed in the associated issue pertaining thereto, and (2) supported by argument and citation to legal authority. *Vern Sims Ford, Inc. v. Hagel,* 42 Wn. App. 675, 683, 713 P.2d 736 (1986); RAP 10.3(a)(5), (g). BC Tire's assertion fails on both accounts; hence, we will not consider it.

Affirmed.

SCHOLFIELD, C.J., and COLEMAN, J., concur.

Reconsideration denied January 29, 1987.

Review denied by Supreme Court May 5, 1987.