[No. 19500-0-1.   Division One.   December 30, 1987.]

*In the Matter of the Marriage of* ELIZABETH L. BABBITT, *Appellant, and* ROBERT L. BABBITT, *Respondent.*

*Earl F. Angevine,* for appellant.

*John Murphy* and *Welts & Welts,* for respondent.

RINGOLD, A.C.J.—Appellant, Elizabeth Babbitt (wife), moved in a post–dissolution proceeding to have child support provisions in the parties' property settlement agreement declared void as against public policy; for past and future child support payments; for reimbursement of the children's counseling expenses; and for her costs and attorney fees. The trial court denied the relief sought and the wife appeals. We affirm on the child support issues and remand petitioner's request for counseling expense reimbursement.

The parties' marriage was dissolved in 1984 due in part to the husband's sexual molestation of their children. At that time the children were 15 and 13. As part of the dissolution proceeding, the parties entered into a property settlement agreement drafted by the wife's attorney that awarded the wife custody of the children, made provision for child support, and gave a credit toward future child

support to the husband. The agreement did not provide who should bear the costs of counseling which the children might require as a result of the husband's acts.

Pursuant to the child support credit provision, the husband paid no child support in 1984 and 1985. In August 1985, the wife filed a "motion and affidavit regarding payment of current support, judgment for child support arrearages, payment of counseling expenses, and for attorneys' fees and costs." The trial court upheld the property settlement agreement and denied the wife's request for child support. The wife's request for counseling expenses and attorney fees, the court found, should properly be resolved by trial or by a motion to modify the decree. The wife moved for reconsideration; her motion was denied.

At issue in this appeal are two provisions of the parties' Custody and Property Settlement Agreement: (1) the "Custody & Support of Children" paragraph which provides that the husband will pay child support of $200 a month for each child until the child attains majority, marries or becomes self–supporting; and (2) a paragraph contained within the "Property to Husband" section that provides:

> A credit of $24,000.00 less one–half of anything realized from the service station business over and above the Hamburg note and over and above customer accounts receivable toward future child support obligations which credit shall not be a judgment against Petitioner and which credit shall be cancelled or extinguished automatically when Respondent's obligation to pay child support terminates under the terms of this Agreement or by operation of law.

The husband contends the child support credit operated to even an otherwise disproportionate distribution of the community's assets. The trial court agreed, finding the property awarded to the wife ample to "supply more than enough cash to provide for the $24,000.00 in future child support." The wife has not challenged this finding. Unchallenged findings of fact become verities on appeal.

*Davis v. Department of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980).

The wife contends that the child support credit clause contained within the custody and property settlement agreement violates public policy and should be declared void. She argues that the clause is in fact a waiver of future child support and violates the common law rule that parties cannot stipulate away the duty to support their child. She also argues that the "waiver" is ineffective as it was entered into without independent representation of the children's interests. We disagree and hold that the credit clause is a lump sum payment of future child support rather than a waiver. The only question to be resolved, therefore, is whether an agreement to accept a lump sum payment in lieu of periodic future child support payments is against public policy.

■ This court recently recognized that "a disparate property division may be the basis for relieving one parent from child support obligations". *Holaday v. Merceri*, 49 Wn. App. 321, 327, 742 P.2d 127 (1987). No authority was cited, nor has any been found, which holds a disparate property division expressly incorporating a lump sum payment of future child support is against public policy. We find no infirmity in this arrangement, but note that future agreements should expressly acknowledge that the property settlement is disproportionate and that the parties agree a portion of the property settlement is awarded in lieu of future monthly child support payments.

■ We next consider the wife's request for payment of counseling expenses. The wife is not precluded by our resolution of the child support issues from petitioning the court for payment of the counseling expenses,[1] provided she

---

[1] A trial on this issue may not be necessary as the husband contends in his affidavit that he would "be more than happy to expend whatever resources I have to pay for counseling", but wanted to know who was providing the counseling, at what cost, and the expected duration of such counseling.

meets her burden of showing such expenses were unforeseeable at the time the agreement was made. *See* RCW 26.09.170; *Holaday*, at 331 (modification allowed only upon a showing of a substantial, uncontemplated change of circumstances occurring since former decree). The trial court correctly noted this issue "must be resolved by trial or motion to modify the decree." We deem the wife's request for counseling expenses to be a petition to modify the decree.

We affirm the trial court's ruling on the lump sum child support issue and remand to the trial court for further proceedings consistent herewith.

COLEMAN and PEKELIS, JJ., concur.