[No. 21044-1-I. Division One. January 17, 1989.]

PAUL CARKEEK, ET AL, *Appellants,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*Paul Carkeek* and *Rebecca Carkeek,* pro se.

*Douglas N. Jewett, City Attorney,* and *Gordon F. Crandall, Senior Assistant,* for respondent Seattle.

*John Chapman,* for respondents Vann.

PEKELIS, J.—Paul and Rebecca Carkeek appeal from a superior court order that the City of Seattle exercise its discretion to enforce the Land Use Code (Code). They contend that the City has an obligation, not simply the discretion, to abate structures which violate the Code. The City argues that even if there is a Code violation, whether or not to abate the violation is a discretionary decision.

In 1950, a garage was constructed on the property currently owned by Leonard and Naomi Vann. The Vanns use the garage as a workshop and storage area, and seldom use it for vehicle storage. A 1969 addition extended the building to the rear, and was designed to house dressing rooms for a pool and sauna area. A wall separates the garage from the rear addition.

In March 1985, the Vanns applied for a Master Use Permit to construct a second story addition to their garage/sauna building. They requested variances to allow the addition to exceed applicable height limits and to extend into a required side yard. The Department of Construction and Land Use (Department) denied the Vanns' request for variances. On appeal, a hearing examiner remanded the case so that the Vanns could submit revised proposals. On remand, the Department rejected the revised proposals and declined to allow the necessary variances, a decision affirmed by the hearing examiner. However, in their written findings, the Department and the hearing examiner both noted that the Vanns' second revised proposal could be constructed without a variance if the second story were indented 2 feet.

The Vanns applied for a construction permit in November 1985. The Department issued the permit, and the Vanns began construction. Their neighbors, the Carkeeks, complained to the Department when they saw the construction. After unsuccessful attempts by the Department, the Carkeeks, and the Vanns to resolve the problem, the Carkeeks requested a formal interpretation of the applicable provisions of the Land Use Code by the Department director.

The director first stated that, pursuant to SMC 23.88-.020, which provides that issued permits shall not be affected by subsequent Code interpretations, her interpretation could not affect the permit issued to the Vanns in any case. She then determined that the Vanns' addition complies with all applicable Code provisions. On appeal, the hearing examiner disagreed and concluded that the addition is not in compliance with the Code. This conclusion was based on her determination that the rear portion of the garage/sauna building is not a garage, rendering the addition in violation of the height and side yard provisions applicable to nongarages.

Like the director, the hearing examiner determined that her interpretation could not affect the permit issued to the Vanns. She reasoned that although the Vanns' permit was issued before the effective date of the ordinance, the clear intent of the ordinance was to apply to interpretations made, not permits issued, after the effective date. She thus concluded that the ordinance was applicable to the Vanns' permit because the Carkeeks' request for an interpretation was made after the effective date of the ordinance.

The Carkeeks appealed to superior court, seeking abatement of the second story addition. The City advised the court that if ordered to exercise its discretion it would elect to do nothing. The court affirmed the hearing examiner's determination that the addition violated applicable height and side yard requirements and ordered the City to exercise its discretion to enforce the Code. The Carkeeks then appealed to this court.

The Carkeeks' threshold contention is that the Vanns' failure to appeal the denial of the variances they requested estops them from denying that their addition violates the Code. Respondents contend that the building permit issued to the Vanns was not based on the same plans as those involved in the variance proceedings.

The Carkeeks' reliance on SMC 23.76.022(C)(10) and *Rains v. State,* 100 Wn.2d 660, 674 P.2d 165 (1983) indicates that their contention is based on the doctrine of collateral estoppel.[1] Collateral estoppel bars relitigation of an issue if (1) the issue decided in the prior adjudication is identical with the issue currently being litigated; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine will not work an injustice on the party against whom it is to be applied. *Rains,* 100 Wn.2d at 665.

After the variances were denied, the Vanns submitted a new proposal and requested a construction permit. Both the substance of the proposal and the procedure employed are different from that involved in the variance proceedings. Since the Carkeeks challenge the addition constructed pursuant to the proposal approved for a construction permit, the issue currently being litigated is not the same one decided in the variance proceedings. Thus, the Vanns are not collaterally estopped from denying that their addition violates the Code.

---

[1]However, in their reply brief, the Carkeeks rely on SMC 23.76.022(C)(9) to support their contention that the Vanns are estopped from denying that their addition violates the Code. That provision precludes a postponement or continuance for the purpose of allowing an applicant to proceed with an alternative development proposal under separate application, and is not applicable to the present case. SMC 23.76.022(C)(9).

The Carkeeks also rely on paragraph 2 of the hearing examiner's decision in the variance proceeding, which provides that if on remand the Department determined that no variance was required, the Department "shall so notify the undersigned in writing and the appeal will be dismissed." The hearing examiner's order applied only to the proceedings on remand, and did not apply to any later applications which the Vanns might make.

■ However, neither the Vanns nor the City have assigned error to the trial court's conclusion that the hearing examiner correctly determined that the rear portion of the garage/sauna building was not a garage and that the addition thus violates the height and side yard requirements of the Code.[2] To the extent that the court's unchallenged conclusions are findings of fact, they become verities on appeal. *In re Marriage of Babbitt,* 50 Wn. App. 190, 192, 747 P.2d 507 (1987). Furthermore, we will not review an issue unless it is included in an assignment of error or clearly disclosed in the associated issues. *BC Tire Corp. v. GTE Directories Corp.,* 46 Wn. App. 351, 355, 730 P.2d 726 (1986), *review denied,* 108 Wn.2d 1013 (1987).

■ The essential issue before us is whether mandamus will lie to compel the City to abate that portion of the Vanns' addition which violates the Code. Mandamus is an extraordinary remedy and should be used sparingly. *Burg v. Seattle,* 32 Wn. App. 286, 289–90, 647 P.2d 517, *review denied,* 98 Wn.2d 1007 (1982). It will not lie to compel the performance of a discretionary act. *State ex rel. Burlington Northern, Inc. v. State Utils. & Transp. Comm'n,* 93 Wn.2d 398, 410, 609 P.2d 1375 (1980). It will lie to compel the performance of a ministerial act, *State ex rel. Craven v. Tacoma,* 63 Wn.2d 23, 27, 385 P.2d 372 (1963), but can only be used to compel the performance of a duty enjoined by law or to compel performance where there is a clear duty to act. *Burg,* 32 Wn. App. at 290.

The Carkeeks contend that the revocation of an improperly issued building permit is a ministerial act, and that a writ of mandamus should issue to compel the City to abate the Vanns' second story addition. However, SMC 23.88.020 provides in part that "[w]hen public notice is not required for a project, a request for an interpretation concerning

---

[2]The Carkeeks allege that the Code violations are even more extensive than those found by the trial court, but this would not change the fact that the Vann's addition violates the Code. The *extent* of the violations would not be determinative of the essential issue before us.

that project may be made any time, provided that issued permits shall not be affected by subsequent Code interpretations."[3]

■ SMC 23.88.020 prevents the City from revoking the Vanns' permit or taking any action to abate Code violations which came to light through the interpretation process. The City is confronted with conflicting duties: the duty to enforce the Code on one hand, *see* SMC 23.90.004, and the duty to follow SMC 23.88.020 on the other. Under such circumstances, the City has no "clear duty" to revoke the Vanns' permit and abate the Code violations. *See Burg,* 32 Wn. App. at 290. Thus, mandamus cannot be said to lie to compel the City to abate the violations.

We conclude that the trial court could have denied the Carkeeks' request for mandamus altogether. However, the trial court's broad order requiring the City only "to exercise the discretion it has to enforce the Land Use Code" had the same effect since it was clear the City took the position that its discretion included the right to do nothing. Thus, while the order issued by the court might constitute "technical error," error without prejudice is not grounds for reversal. *Thomas v. French,* 99 Wn.2d 95, 104, 659 P.2d 1097 (1983).

Because we resolve the issues raised at trial and on appeal against the Carkeeks, we reject their claim for attorney's fees incurred at trial and on appeal.

Affirmed.

SCHOLFIELD, J., and WILLIAMS, J. Pro Tem., concur.

Review denied at 112 Wn.2d 1023 (1989).

---

[3]As none of the parties challenges the ordinance or assigns error to its application in this case, we do not reach these issues. *See BC Tire Corp. v. GTE Directories Corp.,* 46 Wn. App. 351, 355, 730 P.2d 726 (1986), *review denied,* 108 Wn.2d 1013 (1987).