IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF | ) | |
| | ) | No. 33577-1-III |
| GEOFF MERRITT, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| HEIDI MERRITT, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Former wife Heidi Merritt, now Heidi Ehm, appeals the trial

court's refusal to vacate an order modifying her child support obligation. We hold that

the trial court committed no error and affirm the denial of the vacation.

## FACTS

The marital union of Geoffrey Merritt and Heidi Ehm bore two children. The

couple dissolved their marriage on December 19, 2008. On that date, the trial court

entered a parenting plan for the two children, a son age nine and a daughter age three.

The plan granted residential placement with Geoffrey Merritt and afforded Heidi Ehm

liberal visitation. The case underwent a tortuous history thereafter.

On April 16, 2009, the trial court entered a restraining order against Heidi Ehm. The order precluded contact between Ehm, on the one hand, and Geoffrey Merritt and the children, on the other hand. The order effectively modified the parenting plan by denying Ehm visitation with her children.

On May 15, 2009, Geoffrey Merritt, a contractor, asked for child support and filed child support schedule worksheets showing his monthly net income as $2,914.34 and Heidi Ehm's monthly income at $1,698.58. On June 8, 2009, the trial court entered a final order of child support. The order directed Ehm to pay $197.95 in monthly child support for each child, or a total of $395.90. The former couple's son was then age nine and the daughter age three.

The trial court renewed the restraining order against Heidi Ehm on April 23, 2010, and added an order requiring evaluations of Ehm. On December 20, 2010, the court modified the parenting plan to render the plan consistent with the restraining order. The trial court renewed the restraining order on October 7, 2011.

On October 25, 2011, Heidi Ehm filed a petition for modification of the parenting plan. On October 25, Heidi Ehm filed a financial declaration, showing her monthly net income as $2,739.95. On December 7, 2011, Geoffrey Merritt filed a summons and petition for a modification of child support. The petition declared:

> The order of child support should be modified for the following reasons:
>
> [X] There has been the following substantial change of circumstances since the order was entered (explain): Substantial changes in the mother's and father's income have been reported. Retroactive child support payment should be awarded in favor of the child.
>
> [X] Whether or not there is a substantial change of circumstances, the previous order was entered more than a year ago and:
>
> [X] The order works a severe economic hardship.
>
> [X] The child has moved to a new age category for support purposes.
>
> [X] An automatic adjustment of support should be added consistent with RCW 26.09.100.

Clerk's Papers (CP) at 20. The petition included a request for ordering payment of underpaid child support since the date of filing the petition or entering judgment in that amount. With his December 7, 2011, petition for modification of child support, Geoffrey Merritt filed a financial declaration and child support worksheets placing his monthly net income at $1,700.00 and Ehm's monthly net income at $2,739.95.

In a letter ruling dated January 5, 2012, the trial court withheld a ruling on Heidi Ehm's motion to modify the parenting plan and Geoffrey Merritt's motion to modify child support, granted Heidi Ehm temporary visitation rights with the children, and encouraged the parties to mediate. Ehm claims that Merritt thereafter abandoned his motion to increase child support. The record does not support this contention. Ehm subsequently refused mediation.

The parties continued to dispute visitation confines for Heidi Ehm with the two children. The trial court, therefore, issued another letter ruling on August 22, 2012. The

3

children were then ages thirteen and seven. The children lived with Geoffrey Merritt in Walla Walla and the mother, who lived in Estacada, Oregon, engaged in restricted visitation. In the letter ruling, the trial court found adequate cause to proceed to an evidentiary hearing on Ehm's motion to modify the parenting plan issues, but again encouraged the parents to engage in meaningful mediation to resolve disagreements over the parenting plan. Pending completion of discovery, an attempt at mediation, or a hearing, the court granted Ehm monthly visits with the children at her parents' house in Walla Walla. The court reserved ruling on Merritt's motion to increase child support.

This time Heidi Ehm agreed to and participated in mediation. On July 31, 2014, the parties mediated a resolution of the parenting plan, but did not discuss child support. The children's ages were then respectively fifteen and nine. According to Paul DiNenna, Ehm's attorney, the parties intended to later mediate child support. According to Angel Base, Geoffrey Merritt's counsel, the parties never discussed a later mediation, and she long awaited a child support worksheet from DiNenna as part of Ehm's response to Merritt's motion to increase support.

On July 31, 2014, at the mediation, Geoffrey Merritt, Angel Base, and Paul DiNenna signed a final order of parenting plan. The order significantly expanded Ehm's visitation rights and included some visitations in Oregon. Heidi Ehm did not sign the order.

On September 29, 2014, Attorney Angel Base e-mailed attorney Paul DiNenna.

4

Both counsel office in Spokane. The electronic message attached an order regarding modification of the parenting plan and requested that DiNenna review, sign, and return the order. Apparently the parties needed an order of modification in addition to the final order of parenting plan. Base e-mailed the modification order again to DiNenna on October 1, 8, and 13. On several occasions, Base personally inquired from DiNenna about the status of his review of the three page modification order. On October 21, 2014, Base delivered DiNenna with a hard copy of the modification order, but DiNenna declined then to review or sign the order.

On February 4, 2015, Geoffrey Merritt filed a motion for entry of an order modifying the parenting plan and child support. It provided:

> Based on the declarations and pleadings filed herein, Petitioner moves the court for orders which:
> Approve the Order re Modification of Parenting Plan, attached
> Approve the Final Order Parenting Plan, attached
> Approve the Child Support Worksheets, attached
> Order child support to be modified *as of the date of the Petition filing*
> Order the tax exemptions for the children to be allocated per the declaration of the father

CP at 47 (emphasis added). Two declarations from Geoffrey Merritt, a proposed parenting plan final order, child support schedule worksheets, Heidi Ehm's Department of Child Support income record, Merritt's income tax records, and a proposed order regarding modification of the parenting plan accompanied Merritt's motion. One of Merritt's declarations and the worksheets calculated a new amount for child support.

5

Merritt then reaped $1623 in monthly net income. Ehm earned $2696 in net income each month. The calculation imposed a monthly child support obligation of $706 on Ehm. Merritt's declaration also noted that the proposed modification of the parenting plan order confirmed the agreement reached during mediation and noted the delay in Ehm's counsel's approving of the modification order, despite counsel registering no objection to the order.

Geoffrey Merritt noted the motion for entry of an order modifying child support and the parenting plan for a hearing on Monday, February 9, 2015. The notice of hearing identified Walla Walla County Superior Court in the caption, but mistakenly listed the address of the Spokane County Courthouse, instead of the Walla Walla County Courthouse, as the site of the hearing. According to Merritt, Heidi Ehm, through her counsel, received the motion and notice of hearing on February 2, 2015. Paul DiNenna declares that he received the notice on February 5. On February 5, Merritt's attorney, Angel Base, afforded Ehm's attorney, Paul DiNenna, a corrected notice of hearing that included the correct address for the Walla Walla County Superior Court.

Jennifer Wofford, an associate of counsel Paul DiNenna, and Angel Base engaged in several telephone communications on February 5 and February 6, 2015. Wofford requested a postponement of the February 9 hearing date because of prior commitments of DiNenna. During the calls, Wofford and Base discussed alternative dates for the hearing. Counsel knew that the assigned judge heard motions every other Monday. The

6

next available date for the judge would be February 23, 2015. Wofford told Base that DiNenna would be on vacation on February 23. He would return from vacation on March 6. The two then decided to schedule the hearing for Monday, March 9, 2015. Wofford stated that her office would attempt to respond to the pending motion by February 23, when DiNenna would leave on vacation. Base agreed to the continuance of the motion to modify child support to March 9 if Paul DiNenna signed and returned the agreed order regarding modification of the parenting plan, as agreed in July 2014. DiNenna signed and returned the agreed order. On February 9, 2015, Geoffrey Merritt requested the court continue the motion regarding a child support modification to March 9, 2015.

On February 11, 2015, the trial court granted the parenting plan final order and modification of the parenting plan as agreed by the parties. The order reserved for later resolution the motion to modify child support.

On February 11, 2015, Angel Base, Geoffrey Merritt's counsel, provided Paul DiNenna, Heidi Ehm's attorney, with a new notice of the hearing to alter child support for Monday, March 6, 2015. The March 6 date was a mistake because the day was a Friday and the parties had previously agreed to March 9. That same day, Merritt's attorney realized March 6 was not a Monday and sent a new notice to Heidi Ehm's counsel with the correct hearing date of Monday, March 9, 2015.

Paul DiNenna went on vacation the week beginning Monday, February 23, 2015

7

without noticing the change in the hearing date and believing the hearing date to be March 6. He testified that, even though his office received the corrected notice for a hearing on March 9, he did not personally see the new notice. A family member during this time encountered family health issues that distracted DiNenna. Regardless, DiNenna did not notify Heidi Ehm of either a March 6 or a March 9, 2015 hearing. DiNenna did not inform Angel Base of any personal or family problems or seek a continuance of either a March 6 or March 9 hearing date.

Paul DiNenna returned from vacation on March 5, 2015. Because of his vacation, Paul DiNenna forgot about a March 6 hearing date. On Saturday, March 7, he, still unaware of the altered hearing date, remembered the scheduled hearing for March 6. He could have appeared at the Walla Walla hearing on March 9, but did not see the notice of the changed hearing date from March 6 to 9 until later that week.

Neither Heidi Ehm nor her attorney attended the hearing on March 9, 2015. On March 9, the trial court entered findings and conclusions on the petition for modification of child support. The order incorporated by reference the child support worksheet and order of child support. The court found the order for child support should be modified because:

> The previous order was entered more than a year ago and:
> The order works a severe economic hardship.
> The child has moved to a new age category for support purposes.
> An automatic adjustment of support should be added consistent with
> RCW 26.09.100.

There has been the following substantial change of circumstances not explained above since the order was entered (explain): There have been substantial changes reported in the incomes of both parties. Back support should be ordered as of the date of the filing of the petition.

CP at 143. The trial court reserved the issue of attorney fees and costs.

The child support order entered on March 9, 2015, included a judgment awarding Geoffrey Merritt $12,333.90 in principal and $2,514.78 in interest against Heidi Ehm for back child support accruing from December 7, 2011 through March 31, 2015. The order found Ehm's actual monthly net income to be $2,696 and Merritt's net earnings to be $1,623. The order also increased, beginning April 1, 2015, monthly support to $706, with a further increase to $780 beginning February 1, 2017, when the daughter turned twelve. Heidi Ehm would have wished to receive a credit against child support for travel expenses to visit the children. She objected to the manner in which Geoffrey Merritt calculated his net income, especially some of his business deductions.

## PROCEDURE

We now arrive at the motion before us on appeal. On April 22, 2015, Heidi Ehm filed a motion to vacate the March 9, 2015 order modifying her child support obligation and judgment for past due support. She requested vacation of the order and judgment under CR 60(b)(1) for mistake, inadvertence, or excusable neglect. She also argued the March 9 order was void, under CR 60(b)(5), because the relief granted exceeded the relief requested in the motion to modify. In her declaration in support of the motion,

9

Heidi Ehm questioned the amount of Geoffrey Merritt's income and complained about her cost of transportation to visit the children. Nevertheless, in her argument, Ehm did not seek vacation of the order on the basis that Merritt earlier abandoned the motion to modify, that she disagreed with the amount claimed by Merritt as income, or that she would receive a credit for transportation expenses.

Heidi Ehm and her counsel contended that they mistakenly relied on Geoffrey Merritt's note for hearing scheduling his motion on March 6 rather than March 9. The two did not explain, however, why they failed to show on March 6.

On June 1, 2015, the trial court denied Heidi Ehm's motion to vacate the March 9, 2015 child support order and judgment. The order denying the motion reads:

> After reviewing the case records to date, and the basis for the motion, the court finds and concludes that:
> There is no basis to vacate the orders re child support.
> The court entered the orders re child support after review of the file and the pleadings and judgment was taken on the merits based on the facts as considered by the court. The court finds the notice provided to be adequate and sufficient facts were provided to grant a judgment on the factual basis for the case.

CP at 232.

Heidi Ehm filed a notice of appeal, which requested review of the order of child support, the child support worksheets, the order on modification of child support from March 9, 2015, and the order denying the motion to vacate. On September 23, 2015, Geoffrey Merritt moved to limit review to the order denying the motion to vacate. This

court's commissioner granted the motion in part and limited Ehm's challenges on appeal of the earlier orders to those grounds on which she challenged them in her motion to vacate in superior court. Commissioner's Ruling *Merritt v. Merritt*, No. 33577-1-III, at 1-2 (Wash. Ct. App. Oct. 20, 2015). In her opening brief, Heidi Ehm did not assign error to the trial court's grant of interest on the accrued child support obligation.

## LAW AND ANALYSIS

Heidi Ehm brought a motion to vacate the child support modification order under CR 60(b). Ehm first contends that the trial court entered the March 9, 2015 order modifying child support by default and not based on the merits of the case. Ehm emphasizes that the trial court conducted no trial. She claims the trial court did not review any pleadings in support of the motion to modify support. She observes that default judgments are disfavored and asks us to liberally view her motion. Geoffrey Merritt responds that the trial court did not enter a default judgment but considered the evidence and entered a judgment for Merritt on the merits. We agree with Merritt.

A party may apply for a default judgment when his or her opponent fails to appear, plead, or otherwise defend the lawsuit. CR 55(a)(1). The moving party must supply the defending party five days' notice of the motion for default if the defending party appeared in the suit. CR 55(a)(3). The essence of a default judgment under our civil rules is that it determines liability in favor of the party securing the judgment without requiring that party to meet its burdens of production or proof. *In re Marriage of Olsen*,

11

183 Wn. App. 546, 555, 333 P.3d 561 (2014), *review denied*, 182 Wn.2d 1010, 343 P.3d 759 (2015). Geoffrey Merritt did not seek a default order modifying Heidi Ehm's child support obligation. He scheduled a hearing on the merits.

A trial court may not enter default judgment against a party who previously appeared in the case, but failed to attend trial. *In re Marriage of Daley*, 77 Wn. App. 29, 31, 888 P.2d 1194 (1994). *Daley* involved a petition for dissolution where both parties were pro se, both filed pleadings, and both attended the case status conference. On the day of trial, however, one party was absent. The trial court entered a default judgment and later denied the motion to vacate. This court reversed, holding that a default judgment is inappropriate when the absent party previously appeared in the case and five days notice for a default was not provided. As in *Daley*, our trial court would have erred if it entered a default order because of an appearance by Heidi Ehm in the suit and the lack of any motion for default.

Under Washington law, if one side fails to appear on the date set for trial, a single-party trial can proceed and the outcome of the trial will be a judgment on the merits, not a judgment by default. *In re Marriage of Olsen*, 183 Wn. App. at 554. Geoffrey Merritt secured a judgment on the merits by presenting sufficient evidence to meet his burden of production and proof. Merritt submitted, to the trial court, two declarations, child support schedule worksheets, a Department of Child Support income record for Heidi Ehm, and Merritt's income tax records. RCW 26.09.175(6) requires that "a petition for

12

modification of an order of child support shall be heard by the court on affidavits, the petition, answer, and worksheets only." Heidi Ehm does not show how the documents submitted by Merritt failed to satisfy his burden of production or proof.

Heidi Ehm argues that the trial court failed to review any of Geoffrey Merritt's supporting evidence. We disagree. The trial court noted in its order denying Ehm's motion to vacate that the court conducted a hearing on the merits. The record does not expressly show what, if any, pleadings the trial court reviewed. Nevertheless, from our experience as practitioners, we know that trial courts usually review pleadings for motions before the hearing on the record. The trial court could have even reviewed the pleadings during the hearing without any notation in the hearing transcript of the review.

Heidi Ehm next argues that the final child support order is void because it granted relief in excess of what Geoffrey Merritt requested in his petition. Ehm complains about the award of interest on unpaid child support and an automatic increase in child support for the youngest child beginning February 2017. Merritt responds that the child support order conformed to the request for relief. We agree with Merritt.

Heidi Ehm relies on the rule that, to the extent a default judgment exceeds relief requested in the complaint, that portion of the judgment is void. *In re Marriage of Leslie*, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989). We do not quarrel with this rule, but it has no application in this appeal. *Leslie* is distinguishable because the court addressed due process concerns in the context of a default judgment. Our trial court entered no default

13

judgment.

Heidi Ehm particularly challenges the trial court's award of prejudgment interest on the unpaid child support. Nevertheless, Ehm did not assign error to this award in her opening brief. Ehm argued against prejudgment interest for the first time in her reply brief. In general, this court will not review a claimed error unless it is (1) included in an assignment of error or clearly disclosed in the associated issue pertaining thereto, and (2) supported by argument and citation to legal authority. RAP 10.3(a)(5), 10.3(g); *BC Tire Corp. v. GTE Directories Corp.*, 46 Wn. App. 351, 355, 730 P.2d 726 (1986); *Vern Sims Ford, Inc. v. Hagel*, 42 Wn. App. 675, 683, 713 P.2d 736 (1986). An issue raised and argued for the first time in a reply brief is too late to warrant consideration. *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990).

Heidi Ehm also challenges the automatic increase in support for the youngest child, beginning February 2017. She argues that Geoffrey Merritt's petition did not request this automatic support increase. Nevertheless, in his motion to modify support, Merritt asked that an automatic adjustment of support be added consistent with RCW 26.09.100.

The law allows for the automatic adjustment. RCW 26.09.100(2) allows "automatic periodic adjustments or modifications of child support." RCW 26.09.170(6)(b) allows for adjustment in an order for child support when the order is based "on guidelines which determined the amount of support according to the child's

14

age, and the child is no longer in the age category." Ehm and Merritt's youngest child turns twelve years old in February 2017, which is a new age category.

Heidi Ehm contends the trial court erred because it substantially changed the existing order of child support by awarding the increase beginning with the date Geoffrey Merritt filed his petition for a modification. She claims that Merritt cannot garner this significant change because he requested a mere adjustment and not a modification. Merritt responds that Ehm waived this argument because she did not raise the contention before the trial court. We agree.

This court's commissioner ruled to limit Heidi Ehm's assignments of error on appeal to those grounds she forwarded in her motion to vacate in superior court. The commissioner's ruling fulfills an appellate rule. A party may not generally raise a new argument on appeal that the party did not present to the trial court. *In re Det. of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007). A party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error. *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983). In her argument to vacate below, Ehm drew no distinctions between a modification and an adjustment.

Heidi Ehm next contends the trial court erred by ordering the modification of child support when Geoffrey Merritt had failed to first mediate. Merritt responds that Ehm impermissibly raises this issue for the first time on appeal. Merritt also observes that the trial court never ordered mediation on any issue in this case, let alone the request for

15

child support modification. The trial court only encouraged mediation with regard to visitation rights.

We agree that Heidi Ehm failed to preserve this argument for appeal and that the argument is outside the scope of review as determined in the commissioner's ruling on October 20, 2015. Ehm never argued to the superior court that mediation was a condition that Geoffrey Merritt failed to satisfy before filing his petition to modify the child support.

Finally, Heidi Ehm contends the trial court abused its discretion when it refused to consider laches as an appropriate equitable defense. Geoffrey Merritt, once again, responds that Ehm never raised this issue before the trial court and so the argument is waived for appeal. We agree. Ehm did not raise the defense of laches in her pleadings or arguments on her motion to vacate. We would particularly encounter difficulty finding that the trial court abused its discretion when denying the equitable relief of laches when Ehm gave the court no opportunity to review the contention.

CONCLUSION

We affirm the trial court's denial of Heidi Ehm's motion to vacate the trial court's orders of March 9, 2015, increasing Ehm's child support payments and entering a judgment for past due support.

16

No. 33577-1-III
*In re Marriage of Merritt*

A majority of the panel has determined this opinion will not be printed in the
Washington Appellate Reports, but it will be filed for public record pursuant to RCW
2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.